IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANE DOE, :

    Plaintiff,

v. : Case No. 3:15-cv-199

RICK RUSCIN, INC., : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT RICK RUSCIN, INC.'S MOTION FOR SUMMARY JUDGMENT (DOC. #14)

---

Plaintiff Jane Doe, who is proceeding under a pseudonym, filed suit against Rick Ruscin, Inc., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii). This matter is currently before the Court on Defendant's Motion for Summary Judgment, Doc. #14. Because genuine issues of material fact preclude summary judgment, Defendant's motion is overruled.

I.   Background and Procedural History

In June of 2014, Jane Doe applied for a job at Rick Ruscin, Inc. ("Ruscin"). During a June 13, 2014, interview with Phyllis Ruscin, Doe disclosed that she had previously been convicted of unauthorized use of property. Doc. #14, PageID#42. On June 20, 2014, with Doe's consent, Phyllis Ruscin requested a copy of Doe's consumer credit report from Intellicorp Records, Inc. Id.; Doc. #15-3, PageID#59.

According to the report, Doe had criminal convictions not only for unauthorized use of property, but also for burglary, safecracking, and breaking and entering. Doc. #15-4, PageID##65-66. Thereafter, on June 28, 2014, Phyllis Ruscin informed Doe that she was not being hired for the position. Doc. #14, PageID#42; Doc. #15-3, PageID#59.

On June 3, 2015, Doe filed suit against Rick Ruscin, Inc., seeking damages for alleged violations of the FCRA. She maintains that Ruscin failed to provide FCRA-mandated notices and disclosures before taking adverse action against her based on her consumer credit report. Doc. #1, PageID#3. According to Doe, the consumer credit report was "grossly inaccurate," and "failed to report that Doe's criminal conviction records had been expunged." *Id.* at PageID##1, 3.

Doe alleges that Ruscin willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i), by failing to provide her with a copy of the consumer report used to make an employment decision, before taking adverse action that was based in whole or in part on that report. Doc. #1, PageID#4. She also alleges that Ruscin willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii), by failing to provide her with a copy of a summary of her rights, before taking adverse action that was based in whole or in part on the consumer report. *Id.*

On May 27, 2016, Rick Ruscin, Inc. filed a Motion for Summary Judgment. Doc. #14. Doe filed a timely response brief, Doc. #15. Ruscin has not filed a reply brief within the time allotted by the local rules.

## II. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a

3

jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

4

III.  Analysis

The FCRA provides, in relevant part:

> [I]n using a consumer report for employment purposes, before taking any action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
> (i) a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter . . .

15 U.S.C. § 1681b(b)(3)(A). Doe alleges that Ruscin violated both of these provisions. She maintains that Ruscin made the decision not to hire her based, in whole or in part, on information contained in the consumer report, and did so without providing her with a copy of the report or a summary of her consumer rights.

Ruscin does not deny that it failed to provide Doe with a copy of these documents prior to taking an adverse employment action against her. It argues, however, that it was not required to do so, because the decision was not "based in whole or in part on the report." According to Phyllis Ruscin:

> Nothing in Plaintiff's credit report influenced my decision to not hire Plaintiff. Plaintiff's criminal conviction played no part in my decision to not hire Plaintiff. My decision to not hire Plaintiff was based solely on my face to face interview with Plaintiff. No information contained in the credit report was used to deny Plaintiff employment with Ruscin's Service Center/Rick Ruscin, Inc.

Doc. #14, PageID##42-43. Ruscin stated, "I did not hire Plaintiff because she told me her primary job as a security officer at U.S. Protection Services had a variable

5

schedule and the position at Ruscin's Service Center had a set schedule, so I was concerned about her ability to work when needed." *Id.* at PageID#42.

Doe contends that, based on the evidence presented, a reasonable jury could find otherwise. The Court agrees. Doe states that she told Ruscin at the interview that she was currently working part-time as a security officer, but would resign that position if offered a full-time job. Doc. #15-1, PageID#50.

Moreover, on or about June 23, 2014, when Doe followed up on the status of her application, a manager at Ruscin told Doe that she "had failed the background check due to felonies being reported and was no longer being considered for the position." *Id.* at PageID##50-51. Then, on or about June 28, 2014, Phyllis Ruscin told Doe that she "did not hire applicants with felonies because of a bad experience with a previous employee who had felonies." *Id.* at PageID#51. Doe further notes that, in Answers to Interrogatories, Ruscin admitted that she typically considers the Intellicorp report as one of the factors in making her employment decisions. Doc. #15-3, PageID#57.

Doe argues that Ruscin's proffered explanation for not hiring her defies logic. If Phyllis Ruscin were truly concerned that Doe would not be available to work the hours needed, and planned to exclude her from consideration on that basis, she would not have bothered ordering a consumer credit report one full week after the interview. It can be inferred that, until Ruscin received the report, she was seriously considering hiring Doe. Doe also notes that Ruscin has not produced any

6

evidence, such as Doe's employment application or Ruscin's interview notes, to support a finding that work availability was ever an issue.

The Court concludes that genuine issues of material fact preclude summary judgment in this case. Based on the evidence presented, a reasonable jury could find that Ruscin's decision was based, in whole or in part, on Doe's consumer credit report. It appears to be undisputed that Ruscin failed to provide Doe with a copy of that report, or a summary of rights, prior to making the decision not to hire her.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Defendant Rick Ruscin, Inc.'s Motion for Summary Judgment, Doc. #14.

Date: July 6, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE